UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome A. Owens, #299108,<br>*aka Jerome Owens*,<br><br>Petitioner,<br><br>vs.<br><br>Wayne McCabe, Warden,<br><br>Respondent. | ) C/A No.: 4:12-1446-JFA-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Lieber Correctional Institution, a facility run by the South Carolina Department of Corrections, and alleges he is serving a 28 year sentence after a Richland County, South Carolina jury convicted him of trafficking in crack cocaine, possession with intent to distribute crack cocaine within proximity of a school, and failure to stop for a blue light in 2004.

In the instant petition, petitioner claims, among other things, that the trial court erred when it admitted "bad act" evidence of "an uncharged crime of a weapon." Petitioner also alleges his trial counsel was ineffective, that the prosecutor engaged in misconduct, that the trial judge lacked jurisdiction because the term of court had ended , that the witnesses were not credible, and that "cure in jury instruction, invited error an error of law." Petitioner also believes his counsel was ineffective at the "first state collateral proceeding." Petitioner claims his petition is timely, and asks this court to remand for a new post-conviction hearing.

Petitioner has previously challenged this same conviction and sentence in this Court.

*See Owens v. Thompson*, Civil Action No.:4:10-1821-JFA-TER (D.S.C. 2010). This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court challenging his 2004 convictions and sentences for trafficking in crack cocaine, possession with intent to distribute crack cocaine within proximity of a school, and failure to stop for a blue light. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return. See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 18, 2012
Florence, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and

Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).